# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| JAMES M. WHITE, individual<br><br>       Plaintiff,<br><br>vs.<br><br>CHADAM, INC d/b/a K BAR L RANCH, a corporation; ADAM WALLIS, individually, ADAM WALLIS d/b/a ADAM WALLIS OUTFITTER; and DOES 1 through 50,<br><br>       Defendants. | No. CV-20-63-H-SEH<br><br>**ORDER** |

On August 13, 2020, the Plaintiff filed his Initial Complaint and Demand for Jury Trial claiming diversity jurisdiction.[1]

Diversity of citizenship jurisdiction, if it exists, must be grounded in 28 U.S.C. § 1332. That statute provides in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

---

[1] *See* Doc. 1 at 3.

(1) Citizens of different States;[2]

It is fundamental that federal jurisdiction cannot be presumed. The diversity statute requires complete diversity of citizenship between all plaintiffs and all defendants.[3] It is to be strictly construed.[4] Plaintiff, as the party asserting jurisdiction, has the burden of proving such jurisdiction exists.[5]

Plaintiff only alleges the residence of Defendant Adam Wallis and fails to allege his citizenship. The diversity jurisdiction statute speaks of citizenship, not of residency.[6] An allegation of residency is insufficient to invoke diversity jurisdiction[7]

Defendant's corporate citizenship is not properly pleaded.[8] The Defendant's place of incorporation and principal place of business are not alleged.

---

[2] 28 U.S.C. § 1332 (a)(1).

[3] 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 102.12, at 102-28 (3d ed. 2015).

[4] *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63 (1941).

[5] *Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986).

[6] *Kanter v. Warner-Lambert*, 265 F.3d 853, 857 (9th Cir. 2001).

[7] *Id.*

[8] 28 U.S.C. §1332(c)(1).

It is thus impossible for the Court to determine whether complete diversity exists.

Fed. R. Civ. P. 12(h)(3) contemplates that lack of jurisdiction can be raised at any time. Moreover, jurisdiction may be raised by a party, or by the courts own initiative, at any stage in the litigation, even after the trial and judgment entry.[9]

ORDERED:

This case will be dismissed on August 24, 2020, unless Plaintiff files an amended pleading properly alleging jurisdiction on or before that date.

DATED this __17th__ day of August, 2020.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge

---

[9] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).